**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| PATRICK EVANS, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:18-cv-00055** |
| | ) | **Consolidated with 3:17-cv-1281** |
| v. | ) | |
| | ) | **JUDGE WILLIAM L. CAMPBELL** |
| OLIVINA NAPA VALLEY, LLC, | ) | |
| | ) | **MAGISTRATE JUDGE ALISTAIR** |
| **Defendant.** | ) | **NEWBERN** |

## INITIAL CASE MANAGEMENT ORDER

The Magistrate Judge held an initial case management conference with the parties on March 19, 2018. Based on the parties' representations in that conference, the Court anticipates that the dates set in this initial case management order may need to be revisited after the pending motion to dismiss or stay (Doc. No. 27) is decided. Accordingly, the parties are ORDERED to set a telephonic case management conference with the Magistrate Judge within seven days of the disposition of that motion to discuss any necessary revisions to this order.

      1.     **Jurisdiction and Venue.**  Plaintiff contends this Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d) in that: (1) this is a class action involving more than 100 class members; (2) Plaintiff is a citizen of the State of New York and Defendant Olivina Napa Valley LLC is a citizen of the State of Tennessee; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs. Defendant contests jurisdiction in Plaintiff's action.

Defendant also has a pending action before this Court in a related case, *Olivina Napa Valley, LLC v. Patrick Evans*, Case No. Case No. 3:17-cv-01281 (which the parties have moved

1

to consolidate), and asserts that this Court has diversity jurisdiction over its action pursuant to 28.U.S.C. §§ 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000. Further, this Court has jurisdiction over Defendant's action pursuant to 28 U.S.C. §§ 2201-02 because the *First Amended Complaint for Declaratory Judgment* filed in that related action sets forth a case of actual controversy within this Court's jurisdiction.

2. **Plaintiff's Theory of the Case.** Plaintiff Patrick Evans is an individual residing in the State of New York. On August 28, 2017, Patrick Evans, through his counsel, sent to Defendant Olivina Napa Valley, LLC, a notice of intent to file a class action alleging that the "Naturally Pure" labeling of certain of their personal care products is misleading because said products contain synthetic ingredients. Defendant filed an action in this court seeking a declaratory judgment that the advertising and labeling of the above-mentioned products was not misleading (*Olivina Napa Valley, LLC v. Patrick Evans*, Case No. Case No. 3:17-cv-01281). Mr. Evans subsequently filed a class action complaint against Plaintiff in federal court in New York. Following Defendant's motion to enjoin Mr. Evans from prosecuting his case in New York, Mr. Evans voluntarily dismissed his case and subsequently filed the instant case before this Court, alleging that the "Naturally Pure" labeling of certain of their personal care products is misleading because they contain synthetic ingredients in violation of, *inter alia*, the Tennessee Consumer Protection Act, New York General Business Law §§ 349 and 350, the consumer protection statutes of all 50 states, the Magnuson-Moss Warranty Act, and express and implied warranties. Pursuant to these causes of action, Plaintiff is entitled to injunctive and monetary relief on behalf of himself and the putative class members, including consumers in Tennessee and throughout the country.

Because the issues in the instant action encompass the issues in *Olivina Napa Valley, LLC v. Patrick Evans*, Case No. Case No. 3:17-cv-01281 (collectively the "Actions") the parties have

2

jointly moved to consolidate the cases in the interests of fairness and judicial economy. That motion is currently pending before the Court (Dkt. No. 23).

3. **Defendant's Theory of the Case.** Defendant seeks a declaration from this Court that the labels on its products are not false and misleading, do not violate the consumer protection laws in states where Defendant's products are sold, including Tennessee, do not violate the Magnuson-Warranty Act, do not violate express and implied warranty laws of any states where its products are sold, including Tennessee, and that Plaintiff is not entitled to any injunctive relief he seeks on behalf of himself and the putative class members, including Tennessee consumers. Defendant also denies any liability for Plaintiff's claims that its Product labels are misleading or deceptive, and denies that Plaintiff is entitled to any relief whatsoever.

4. **Identification of the Issues Resolved.** None.

5. **Identification of the Issues Still in Dispute.** Defendant disputes the jurisdictional grounds set forth in Plaintiff's action, as well as the certification of the class, injunctive and monetary relief as set forth in Plaintiff's Theory of the Case above, and other relief requested by Plaintiff. Defendant contends that jurisdiction and venue are proper in this Court in its related action against Plaintiff, which is currently the subject of a joint motion to consolidate. All claims set forth in Defendant's related action for declaratory judgment are also still in dispute.

6. **Initial Disclosures, FRCP 12(b) Motions, and Staging of Discovery.**

The parties suggest that they shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **April 5, 2018**. Plaintiff Mr. Evans believes that this proposed date, like all suggested dates in this proposed order, should be set after the consolidation of the Actions.

Any motion to amend the pleadings or add parties shall be filed on or before **November 5, 2018.** Any motion to amend must be accompanied by the proposed amended pleading, which shall

be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed. Plaintiff Mr. Evans believes that this proposed date, like all suggested dates in this proposed order, should be set after the consolidation of the Actions.

To date, Evans has not filed an Answer to the First Amended Complaint. The parties suggest that Defendant's Answer or motions pursuant to FRCP 12(b) shall be filed on or before **May 4, 2018.** Plaintiff Mr. Evans believes that this proposed date like, all suggested dates in this proposed order, should be set after the consolidation of the Actions.

The parties suggest that Plaintiff shall make his expert disclosures and serve its Rule 26(a)(2) statements on or before **March 8, 2019.** Plaintiff Mr. Evans believes that this proposed date like, all suggested dates in this proposed order, should be set after the consolidation of the Actions.

The parties suggest that Defendant shall make its expert disclosures and serve his Rule 26(a)(2) statements on or before **May 10, 2019.** Plaintiff Mr. Evans believes that this proposed date, like all suggested dates in this proposed order, should be set after the consolidation of the Actions.

Rebuttal experts shall be permitted only by leave of Court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial.

The parties suggest that they shall complete all written discovery and depose all witnesses, including experts, on or before **July 31, 2019[1]**. Plaintiff Mr. Evans believes that this proposed date, like all suggested dates in this proposed order, should be set after the consolidation of the Actions. The parties shall enter into an agreed upon Protective Order prior to responding to any written discovery and prior to the taking of any depositions.

The Defendant anticipates filing Dispositive Motions shortly. While understanding that, generally, discovery is not stayed during dispositive motions unless ordered by the Court, it may be advisable to stay discovery pending a decision on the Motion.

Local Rule 33.01(b) is expanded to permit forty (40) interrogatories, including subparts.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **fourteen (14) days** after the close of discovery. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing

---

[1] The parties agree to meet and confer upon the Court's ruling on class certification to discuss the need for any additional discovery, including expert discovery, given the Court's ruling.

made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

7.    **Case Resolution Plan and Joint Status Reports**.  The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.07. **If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements**. Approximately fourteen (14) days after the conclusion of fact discovery, by August 14, 2019, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case.  The joint report shall also state whether the parties believe ADR might assist in resolution of the case.  If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

8.    **Dispositive Motions**.  The parties must attempt to resolve the case prior to the filing of dispositive motions.  The parties did so soon after the issue first arose, but were unsuccessful. Dispositive motions shall be filed no later than **September 16, 2019.**  Responses to dispositive motions shall be filed within **twenty-eight (28) days** after the filing of the motion.  Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed **twenty-five (25) pages**.  Optional replies may be filed within **fourteen (14) days** after the filing of the response and shall not exceed **five (5) pages**.  No motion for partial summary judgment shall be filed except by permission of Court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

6

9.    **Class Certification/Dispositive/*Daubert* Motions.**  The parties suggest that class certification motions shall be filed on or before **March 8, 2019.**  Responses to class certification motions, as well as *Daubert* motions shall be filed within **sixty (60) days** after the motion is filed or the expert disclosures are made.  Replies on class certification motions, as well as *Daubert* motions may be filed within **fourteen (14) days** after the response is filed.  The motion and memoranda shall not exceed **twenty-five (25) pages** without leave of the Court, and the reply shall not exceed **five (5) pages** and cannot be filed without leave of the Court.  Plaintiff Mr. Evans believes that this proposed date, like all suggested dates in this proposed order, should be set after the consolidation of the Actions.

10.    **Electronic Discovery.**  The parties adopt the default standard contained in Administrative Order No. 174.

11.    **Meeting of Counsel and Parties to Discuss Settlement Prospects**.  In addition to the requirements set forth in Paragraph 7, **ninety (90) days** from the date of the initial case management conference, by **June 17, 2018,** counsel and clients shall confer and discuss whether this case can be resolved without further discovery proceedings.  After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case.  This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

12.    **Subsequent Case Management Conference.**  A subsequent case management conference shall be held telephonically on **June 24, 2019, at 9:30 a.m.** to address:  status of discovery (including any known or anticipated discovery issues or disputes); prospect for

settlement (including propriety of ADR); and, any other appropriate matters. The parties shall call (888) 557-8511 and enter access code 7819165# to participate.

       13.    **<u>Consent to trial before the Magistrate Judge.</u>**  The parties do not consent to trial before the Magistrate Judge.

       14.    **<u>Target trial date.</u>**  Plaintiff has requested a trial by jury.  The parties expect the trial to last **five (5) days**.  Plaintiff Mr. Evans believes that this proposed date, like all suggested dates in this proposed order, should be set after the consolidation of the Actions. The target trial date is **<u>February 18, 2020.</u>**

       It is so **ORDERED.**


                                                                Alistair E. Newbern
                                                             U.S. Magistrate Judge



**APPROVED FOR ENTRY:**


  /s Lauren Kilgore
_____
**Jay S. Bowen (TN Bar No. 2649)**
**Lauren Kilgore (TN Bar No. 30219)**
S<small>HACKELFORD</small> B<small>OWEN</small> M<small>C</small>K<small>INLEY</small> & N<small>ORTON</small>, LLP
47 Music Square East
Nashville, Tennessee 37203
P:  (615) 329-4440
F:  (615) 329-4485
jbowen@shackelfordlaw.net
lkilgore@shackelfordlaw.net

*Attorneys for Olivina Napa Valley, LLC*

  /s Adam R. Gonnelli
_____
**Adam R. Gonnelli, Esq.**
**Jason Sultzer, Esq.**
**Joseph Lipari, Esq.**
**Jeremy Francis, Esq.**
THE SULTZER LAW GROUP, P.C.
280 Highway 35
Suite 304
Red Bank, New Jersey 07701
P: (731) 741-4290
gonellia@thesultzerlawgroup.com
sultzerj@thesultzerlawgroup.com
liparij@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

**James Gerard Stranch, IV**
**Benjamin A. Gastel**
BRANSTETTER, STRANCH & JENNINGS, PLLC
The Freedom Center
223 Rosa Parks Avenue
Suite 200
Nashville, TN 37203
P: 615-254-8801
F: 615-255-5410
gerards@bsjfirm.com
beng@bsjfirm.com

**Melissa Weiner**
HAULNEN LAW
1650 IDS Center
80 South Eight Street
Minneapolis, MN 55402
P: 612-605-4098
weiner@halunenlaw.com

*Attorneys for Patrick Evans*

9

10